1

2        UNITED STATES DISTRICT COURT
              DISTRICT OF NEVADA
3

4  James Bayliss, et al.,                    Case No. 2:23-cv-00403-CDS-EJY

5              Plaintiffs                     **Order Granting Defendants'**
                                             **Motion to Dismiss**
6      v.

7  Clark County School District, et al.,              [ECF No. 26]

8              Defendants

9

10        This is a civil suit brought by plaintiff James Bayliss—both as an individual and on behalf

11  of his minor son, E.B.—for alleged federal and state law violations that occurred while E.B. was a

12  student in the Clark County School District (CCSD). Bayliss and his son sue CCSD, Jesus Jara,

13  Daniel Ebihara, Brian Brill, Gerald Bustamonte, Deana Jaskolski and the Clark County School

14  District Policy Department. Compl., ECF No. 5. The plaintiffs bring seven claims against

15  defendants.[1] *Id.* Defendants now move to dismiss all claims under Rule 12(b)(6). ECF No. 26.

16  The motion is fully briefed. ECF Nos. 27; 28. For the following reasons, defendants' motion to

17  dismiss is granted.

18  **I.    Legal standard**

19        Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot

20  prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v.*

21  *Walker*, 175 F.3d 756, 759 (9th Cir. 1999). A pleading must give fair notice of a legally cognizable

22  claim and the grounds on which it rests, and although a court must take all factual allegations as

23  true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550

24  U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and

25

26  [1] While the Plaintiffs assert nine claims in their complaint ((1) violation of constitutional rights, 42
    U.S.C. § 1983; (2) discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101; (3)
    violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794; (4) battery; (7) negligence; (8) negligent
    supervision; and (9) enhanced damages for injury or loss suffered by a vulnerable person, NRS 41.1395),
    they fail to include a fifth or sixth claim.

a formulaic recitation of a cause of action's elements will not do." *Id.* at 545. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Unlike when considering motions for summary judgment, district courts are not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. In this district, the local rules provide that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. L.R. 7-2(d).

II.    **Analysis**

Although Bayliss filed a response to the motion to dismiss, it fails to satisfy Local Rule 7-2, which requires a motion "be supported by a memorandum of points and authorities." L.R. 7-2(a). The response is wholly deficient on this front. *See generally* ECF No. 27. Apart from the standard of review, the response fails to provide the court with *any* points and authorities for why the court should not dismiss any of the claims in question. *See id.* "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." L.R. 7-2(d); *see also Ilani v. Abraham*, 2019 U.S. Dist. LEXIS 228130, *4 (D. Nev. Sept. 17, 2019) (denying contempt motion, in part, for failure to cite legal authority).

In short, the plaintiffs' response fails to provide the court with the necessary tools to deny defendants' request that the court dismiss all claims in this action. "It is not Court's role to research independently and develop answers to legal questions that the parties have not adequately addressed." *O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d 1282, 1287 (C.D. Cal. 2022); *see also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003) ("However much

we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so . . . . We require contentions to be accompanied by reasons."); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005) ("It is not our job to do the legal research that [the plaintiff] has omitted.").

Notwithstanding, for the sake of judicial efficiency, the court grants defendant's motion to dismiss all claims against CCSD and the individual defendants.

**III.    Conclusion**

IT IS HEREBY ORDERED that defendants' motion to dismiss **[ECF No. 26] is GRANTED without prejudice**.

IT IS FURTHER ORDERED that, under Local Rule 16-5, the parties are instructed to participate in a settlement conference before the magistrate judge. If the parties are unable to reach an agreement resolving the claims, plaintiffs may file an amended complaint within fourteen days of the failed settlement efforts.

If plaintiffs do amend their complaint, defendants will have 30 days following the conclusion of the settlement conference to refile a motion to dismiss which complies with this order. The standard briefing schedule set forth in the local rules shall apply to any opposition and reply. *See* LR 7-2(b).

Dated: July 23, 2024

_____
Cristina D. Silva
United States District Judge