UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

James Bayliss, et al.,

   Plaintiffs

 v.

Clark County School District, et al.,

   Defendants

Case No. 2:23-cv-00403-CDS-NJK

**Order Adopting Report and Recommendation of the Magistrate Judge**

[ECF No. 44]

  Plaintiff James Bayliss—both as an individual and on behalf of his minor son, E.B.—brings this lawsuit[1] against the Clark County School District, Jesus Jara, Daniel Ebihara, Brian Brill, Gerald Bustamonte, Deana Jaskolski, and the Clark County School District Police Department. Compl., ECF No. 5. In July 2024, I granted the defendants' motion to dismiss the complaint pursuant to Local Rule 7-2 and instructed the parties to participate in a settlement conference with the magistrate judge. Order, ECF No. 33. The settlement conference commenced on January 7, 2025; however, the parties were unable to reach an agreement. ECF No. 36. Plaintiffs' counsel moved to withdraw following the settlement conference, which was granted. Order granting withdrawal, ECF No. 39. Bayliss was then thrice ordered to obtain counsel for the claims brought on behalf of the minor child. ECF Nos. 39, 41, 42. In those same orders, Bayliss was also ordered, as to any claim brought in his individual capacity, to either have an attorney enter a notice of appearance or file a notice that he intends to proceed pro se. Bayliss was cautioned that failure to comply may result in sanctions. *Id.* To date, no attorney has entered an appearance, nor has Bayliss filed any notice related to his individual claims. As a result, Judge

---

[1] Bayliss was proceeding pro se when he filed this civil-rights action on March 15, 2023. Counsel for plaintiffs appeared on September 21, 2023 (ECF No. 18), until his motion to withdraw (ECF No. 37) was granted on January 7, 2025.

Koppe[2] issued a report and recommendation (R&R) that this matter be dismissed without prejudice but without leave to amend. R&R, ECF No. 5. Bayliss had until April 21, 2025, to file any specific, written objections to the findings and recommendations. *Id.* at 2–3 (citing Local Rule IB 3-2 (stating that parties wishing to object to an R&R must file specific written objections within fourteen days)); see also 28 U.S.C. § 636(b)(1) (same). To date, no objection, nor request seeking more time, is filed.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed," the Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

The first, second, and fifth factors, the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and consideration of alternatives to dismissal sanctions, all weigh in favor of dismissal. As Judge Koppe noted in the R&R, plaintiffs' failure to retain counsel and his disobedience of multiple court orders[3] is an abusive litigation practice that interferes with the court's ability to hear this case, delays the litigation, disrupts the court's timely management of its docket, wastes judicial resources, and threatens the integrity of the court's orders and the orderly administration of justice. ECF No. 44 at 2. Further, the court gave plaintiffs multiple opportunities to comply with its orders and cautioned him that failure to comply would result in sanctions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)

---

[2] This action was reassigned from Magistrate Judge Elayna Youchah to Magistrate Judge Nancy Koppe following the settlement conference. *See* ECF Nos. 36, 38.

[3] In addition to failing to comply with ECF Nos. 39, 41, and 42, plaintiffs also failed to file an amended complaint within fourteen days of the failed settlement conference. *See* Order, ECF No. 33 at 3 ("If the parties are unable to reach an agreement resolving the claims, plaintiffs may file an amended complaint within fourteen days of the failed settlement efforts.").

(explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Thus, less drastic alternatives were offered to correct Bayliss's lack of compliance with court orders, but because this litigation cannot progress without compliance case terminating sanctions are appropriate here.

The third factor for consideration, the risk of prejudice to the defendants—is non-existent—so it also weighs in favor of dismissal. Indeed, defendants filed a response R&R noting it agreed with Judge Koppe's findings. *See* Resp., ECF No. 45.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. But this case cannot move toward resolution because no amended complaint has been filed, some of the claims cannot proceed without an attorney representing plaintiffs,[4] and the litigation cannot go forward without Bayliss's participation.

Thus, four of the five factors favor dismissal, so I adopt Judge Koppe's R&R and dismiss this matter without prejudice but without leave to amend.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 44] is adopted in full**, and this case is dismissed without prejudice but without leave to amend.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: May 12, 2025

_____
Cristina D. Silva
United States District Judge

---

[4] *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (holding parents are not permitted to bring claims on behalf of their minor children without an attorney).